UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINA LIRO, : | |
| : | |
| Plaintiff, : | Civil No. 13-5591 (RBK/AMD) |
| : | |
| v. : | **OPINION** |
| : | |
| INSPIRA MEDICAL CENTERS, INC. and : | |
| INSPIRA HEALTH NETWORK, INC., : | |
| : | |
| Defendants. : | |

**KUGLER**, United State District Judge:

This discrimination suit stems from conduct Plaintiff Christina Liro ("Plaintiff" or "Liro") alleges South Jersey Hospitals, Inc. ("SJH") and its employees, the predecessor-in-interest to Defendants Inspira Medical Centers, Inc. and Inspira Health Network, Inc. (collectively, "Defendants") undertook during and after her pregnancy while she was a resident. This matter comes before the Court upon Defendants' Motion for Summary Judgment ("Defendants' Motion" [Dkt. No. 51]); motions from each party to seal each of their submissions [Dkt. Nos. 50, 58, and 62] (collectively, the "Motions to Seal"); and a request contained within Plaintiff's Opposition [Dkt. No. 57] which the Court treats as a Motion to Dismiss under Rule 41(a)(2) ("Plaintiff's Dismissal Request"). For the reasons that follow, Plaintiff's Dismissal Request is **GRANTED**; Defendants' Motion is **DENIED AS MOOT**; the Motions to Seal are **GRANTED-IN-PART**; Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**; and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

1

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court recites the following general facts without making any judicial findings that will be later binding on the parties.

Plaintiff was an employee of SJH in their Family Medicine Residency Program from July 1, 2011 through January 16, 2013.  During that time, Plaintiff alleges she suffered harassment and discrimination due to her gender and pregnancy, and that she also suffered from retaliatory behavior after filing a notice of complaint with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey state equivalent.

Plaintiff filed this suit on September 19, 2013, after receiving a Notice of Right to Sue from the EEOC.  (*See generally* Compl. [Dkt. No. 1])  The Complaint alleged violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-12; as well as claims of breach of contract and promissory estoppel.  (*Id.*)

After completing fact discovery, Defendants moved for summary judgment.  (*See generally* Defs.' Mot.)  In opposing summary judgment, Plaintiff voluntarily dismissed her federal claims, and also requested that this court dismiss the entire action to permit her to re-file her claims in state court.  (Pl.'s Opp. [Dkt. No. 57] at 4–7.)  Defendants oppose this request.  (*See* Defs.' Reply [Dkt. No. 63] at 4–6.)

II.  **JURISDICTION**

As stated in the Complaint, Plaintiff brings claims under Title VII and the ADA, both of which are federal laws.  Thus, the Court exercises subject matter jurisdiction pursuant to 28

U.S.C. § 1331, and may exercise supplemental jurisdiction over the accompanying state law claims pursuant to 28 U.S.C. § 1367.

### III. PLAINTIFF'S DISMISSAL REQUEST

#### A. Standard of Review

Rule 41(a)(2) provides that after a defendant has answered or moved for summary judgment, the "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (quoting 5 J. Moore, *Moore's Federal Practice* ¶ 41.05[1], at 41–62 (1988)); *see also Baldinger v. Croning*, 535 F. App'x 78, 80 (3d Cir. 2013) ("The grant or denial of a motion for voluntary dismissal under Rule 41 is within the District Court's sound discretion; the general rule is that such a motion should be granted liberally.")

#### B. Discussion

All of Plaintiff's arguments for why the state law claims should be dismissed are premised on this Court declining jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) after her federal claims are dismissed. (*See* Pl.'s Opp. at 4–7.) However, rather than making this an issue of accepting or declining jurisdiction pursuant to 28 U.S.C. § 1367, the Court construes Plaintiff's request as one pursuant to Rule 41(a)(2).[1]

---

[1] The Court notes that Defendants present an interesting argument in responding to the § 1367(c)(3) argument. They submit that the Complaint sufficiently pleads diversity of citizenship and an amount in controversy exceeding $75,000.00 such that this Court could exercise original jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332(a). (Defs.' Reply at 4–5.) However, of note is that Defendants are New Jersey citizens. (*See* Compl. ¶¶ 5–6; Answer [Dkt. No. 9] ¶¶ 5–6.) As such, if Plaintiff had filed just the state law claims in state (continued)

Courts of this District have noted the following factors to take into consideration in deciding a motion for voluntary dismissal under Rule 41(a)(2):

> (1) the plaintiff's diligence in moving to dismiss; (2) any undue vexatiousness on the plaintiff's part; (3) the extent to which the pending litigation has progressed; (4) the effort and expense incurred by the defendant in preparing for trial; (5) any excessive and duplicative expense of re-litigation; and (6) the adequacy of the plaintiff's explanation for the need to dismiss.

*Fin. Cas. & Surety, Inc. v. Bonino*, Civ. No. 11-4316 (RMB/JS), 2015 WL 6442412, at *1 (D.N.J. Oct. 22, 2015) (citations omitted). The Third Circuit has also noted, albeit in a nonprecedential opinion, that "[c]hief among the factors to consider in determining whether a defendant will suffer prejudice are the extent to which litigation has progressed and the extent to which the defendant will be exposed to new litigation in another forum." *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 842 (3d Cir. 2014).

Here, it is undeniable that the litigation has progressed a great deal, as this request arose in opposition to a motion for summary judgment after the conclusion of fact discovery. It is also undeniable that defendant will almost certainly be exposed to new litigation in another forum, as Plaintiff has made clear her intention to re-file the state law claims in New Jersey state court. However, Defendants have noted that they would consent to suit being brought against them on

---

(continued)
court originally, Defendants would have had no right to remove to this Court. *See* 28 U.S.C. § 1441(b)(2). Defendants only right to invoke the jurisdiction of this Court therefore stems from Plaintiff's initial choice to file here. Even if this Court were to decide this motion as a jurisdictional one, the Court notes that Defendant's argument would fail as Plaintiff has not pleaded citizenship, but rather has pleaded residency, and averments of residency are jurisdictionally inadequate. *See McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012). This is especially true in light of some of Plaintiff's statements evidencing an intent to return to New Jersey (*see, e.g.*, Plaintiff's Counterstatement of Undisputed Material Facts [Dkt. No. 57-2] ¶ 86), making Plaintiff's domicile a factual issue.


the state law claims in state court if Plaintiff were willing to cap her damages at $75,000.00. (Defs.' Reply at 6.)

Considering the other factors, it weighs in Plaintiff's favor that she explains the request to dismiss is made in response to the defenses raised by Defendants in their moving papers. (*See* Pl.'s Opp. at 4.) This is the type of litigation conduct the Court wants to encourage—evaluating the opposing party's arguments and dismissing claims when appropriate in response—rather than encouraging parties to double down in the face of insurmountable odds. It further weighs in Plaintiff's favor that this Court has not been called upon to make decisions previously in this case and has not yet undertaken the detailed analysis needed in deciding Defendants' Motion for Summary Judgment.

Finally, although there has undoubtedly been much effort and expense incurred by Defendants in preparing these briefs, there is unlikely to be duplicative expense. Discovery has been completed in this action, and Plaintiff is held to her admissions made in discovery as well as her admissions made in responding to Defendant's Statement of Undisputed Material Facts and statements made in her own Counterstatement of Undisputed Material Facts.

In another case in this District where a Rule 41 motion arose during the briefing of a motion for summary judgment, the judge in granting the motion made the following non-binding recommendations to the state court:

> This Court recommends that, should any state court action be filed by Plaintiffs, the state court not allow additional discovery by Plaintiffs against [currently named defendants]. If such discovery is sought, the appropriate state court can consider cost shifting or other means to defray additional expenses of the Defendants . . . . This Court also recommends that the state court permit Defendants to file a summary judgment motion in the same or substantially similar briefing form as soon as practicable. These recommendations would further reduce any potential prejudice against Defendants from a voluntary dismissal without prejudice. It would also reduce the costs associated with the motions for all parties.

*Schraeder v. Demilec (USA) LLC*, Civ. No. 12-6074 (FSH), 2014 WL 1391714, at *3 (D.N.J. Apr. 8, 2014). The recommendations to the state court made by Judge Hochberg in *Schraeder* are similarly appropriate in this instance, and the Court makes the same recommendations to the state court here, should Plaintiff ultimately choose to re-file her state law claims in state court.

Therefore, Plaintiff's Dismissal Request will be granted. Pursuant to Rule 41(a)(2), the Court may impose conditions on the dismissal. As such, the Court will require that all materials produced in discovery in this action may be used in any subsequent state court action filed by Plaintiff against Defendants on these same claims, and will deem the Confidentiality and Protective Order entered by Magistrate Judge Donio on September 12, 2014 [Dkt. No. 26] so modified as to permit the cross use of the discovery materials to the extent Paragraph 3(a) of the Order does not already permit such cross use. Further, the dismissal of Plaintiff's federal claims will be with prejudice, whereas the dismissal of the state law claims will be without prejudice.

In light of the dismissal of all of Plaintiff's claims, Defendants' Motion for Summary Judgment will be denied as moot.

## IV.     MOTIONS TO SEAL

### A.     Standard of Review

In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to materials filed with the Court and judicial proceedings themselves. The rule provides that in order to place a docket entry under seal, the motion to seal must be publicly filed and "shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L.Civ.R. 5.3(c)(2).

Where a party moves to seal pretrial motions of a "nondiscovery nature, the moving party must make a showing sufficient to overcome a 'presumptive right of public access.'" *Leucadia v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993). In order to rebut the presumption of public access, the party seeking confidentiality must demonstrate "good cause" by establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'" *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1995) (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). A party does not establish good cause by merely providing "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Id.* (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). To prevail, the parties must make this good cause showing with respect to each document sought to be sealed. *Id.* at 786–87.

      B.     Discussion

In this matter, the parties seek to seal everything related to the briefing of Defendants' Motion. Specifically, Defendants seek to seal their Motion for Summary Judgment and supporting documents ("Defendants' First Motion to Seal" [Dkt. No. 50]) as well as their Reply Brief in Support of Summary Judgment and supporting documents ("Defendants' Second Motion to Seal" [Dkt. No. 62]). Plaintiff in turn seeks to seal her Opposition and supporting papers ("Plaintiff's Motion to Seal" [Dkt. No. 58]). Although each motion is unopposed, the Court still must evaluate the motions to determine whether the movant has shown good cause. Each motion makes essentially identical arguments,[2] and so the Court will only cite to Defendants' First Motion to Seal in its discussion.

---

[2] Indeed, the wording between the three motions is indistinguishable.

7

The parties submit that they rely extensively on material that was marked "Confidential" pursuant to the Confidentiality and Protective Order. (Defs.' First Mot. Seal Br. [Dkt. No. 50-1] at 2.) They note that the confidential material is "(1) medical information and the employment history and personnel files for Plaintiff and other non-party individuals involved with Defendants' medical residency programs, and (2) Defendants' methods and practices with respect to employment and its residency programs that are considered proprietary and confidential by Defendants." (*Id.*) In terms of the specific harm that will be caused, the parties submit that revealing Defendants' confidential business practices could be detrimental, and that "disclosure of sensitive personal employment information may cause significant detriment to non-party individuals who have no stake in this litigation and are involved solely by virtue of having participated in Defendants' residency programs." (*Id.* at 3.) They rely on the fact that Magistrate Judge Donio in entering the confidentiality order found that "[t]he information . . . is not generally made public by the parties, and they believe disclosure of such information could be detrimental to the Parties." (Confidentiality and Protective Order at 1.) Finally, the parties claim that because of the extensive quoting and discussion of the confidential materials, redaction would be impracticable. (*Id.* at 3–4.)

The Court finds that the parties here have generally demonstrated that harm would be caused by revealing medical information and the employment history and personnel files for other non-party individuals involved with Defendants' medical residency programs. The Court agrees that it is certainly unfair and potentially harmful to these non-parties to have their personal information publicly available only because they were employed in Defendants' residency programs around the same time as Plaintiff.

However, the Court is less satisfied that revealing Plaintiff's medical information, employment history, and personnel files can cause harm in light of the extensive discussion of that information in the Complaint, which has never been sealed or the subject of a motion to seal since its public filing in 2013.  Thus, to the extent that Plaintiff's medical information or personnel history was revealed in the Complaint, the information is already public, and sealing it here would do no good.  The Court also finds that the parties have failed to show a "clearly defined and serious injury," that would result if Defendants' methods and practices with respect to employment and its residency programs were revealed.  *See Pansy*, 23 F.3d at 786.  Instead, the parties have submitted the very "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" which *Pansy* counsels against accepting.  *See id.*  As this Court has noted in the past, mere reliance on a discovery confidentiality order alone "is insufficient to rebut the presumption of public disclosure."  *MEI, Inc. v. JCM Am. Corp.*, Civ. No. 09-351 (RBK/JS), 2010 WL 4810649, at *2 (D.N.J. Nov. 17, 2010).

Further, the parties have not adequately demonstrated that a less restrictive alternative to the relief sought is not available with respect to each brief and each of the statements submitted pursuant to L.Civ.R. 56.1.  Although redaction of these documents may require some effort, that does not make it "impracticable" as the parties argue.  The Court, however, does find that redaction of the voluminous exhibits would be impracticable at this stage, especially in light of the Court's decision to dismiss the action.

As such, the Court will grant-in-part the Motions to Seal, and will permit all exhibits to remain under seal.  However, within thirty (30) days, the parties must file redacted versions of the following docket items consistent with this opinion:  Defendants' Motion for Summary Judgment Brief [Dkt. No. 51-2]; Defendants' Statement of Undisputed Material Facts [Dkt. No.

9

51-3]; Plaintiff's Opposition Brief [Dkt. No. 57]; Plaintiff's Counterstatement of Undisputed Material Facts [Dkt. No. 57-2]; Plaintiff's Responses to Defendants' Statement of Undisputed Material Facts [Dkt. No. 57-3]; Defendants' Reply Brief [Dkt. No. 63]; and Defendants' Responses to Plaintiff's Counterstatement of Undisputed Material Facts [Dkt. No. 64].

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Dismissal Request is GRANTED; Defendants' Motion is DENIED AS MOOT; the Motions to Seal are GRANTED-IN-PART; Plaintiff's federal claims are DISMISSED WITH PREJUDICE; and Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.  An appropriate order accompanies this opinion.


Date:  July   21st  , 2016


           s/ Robert B. Kugler
ROBERT B. KUGLER, U.S.D.J.